# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| KLUGMANN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff<br><br>    v.<br><br>AMERICAN CAPITAL LTD., MALON WILKUS and JOHN R. ERICKSON,<br><br>       Defendants | Civil Action No. 09-cv-00005-PJM |
| LEHMANN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff<br><br>    v.<br><br>AMERICAN CAPITAL LTD., MALON WILKUS and JOHN R. ERICKSON,<br><br>       Defendants | Civil Action No. 09-cv-00276-AW |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE AMERICAN CAPITAL INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………………1

PROCEDURAL BACKGROUND………………………………………………………………3

STATEMENT OF FACTS………………………………………………………………………3

ARGUMENT……………………………………………………………………………………5

I.       THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS………………5

II.     THE AMERICAN CAPITAL INVESTOR GROUP SHOULD BE APPOINTED
        LEAD PLAINTIFF …………………………………………………………………...6

        A.      The Procedural Requirements Pursuant to the PSLRA…………………………..6

        B.      The American Capital Investor Group Is "The Most Adequate
             Plaintiff"………..........................................................................................7

             1.      The American Capital Investor Group Has Complied With the
                   PSLRA and Should Be Appointed Lead Plaintiff………………………..7

             2.      The American Capital Investor Group Has the Largest Financial
                   Interest……………………………………………………………………9

             3.      The American Capital Investor Group Satisfies the Requirements
                   of Rule 23………………………………………………………………….9

                 i.    The American Capital Investor Group's Claims are Typical
                     of the Claims of All the Class Members………………..…............10

                 ii.   The American Capital Investor Group Will Adequately
                    Represent the Class……………………………………………......11

III.    THE COURT SHOULD APPROVE THE AMERICAN CAPITAL INVESTOR
        GROUP'S CHOICE OF LEAD COUNSEL …………………………………………..12

CONCLUSION…………………………………………………………………………………13

i

## PRELIMINARY STATEMENT

The American Capital Investor Group (or "Movants"),[1] a small, cohesive group of 3 members, submits this memorandum in support of its motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the related securities fraud class actions filed against American Capital, Ltd. ("American Capital" or "Company") and other defendants (collectively, "Defendants") between October 30, 2007 and November 7, 2008, inclusive (the "Class Period")[2]; (2) to be appointed Lead Plaintiff in these Actions pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) for approval of its selection of the law firms of Brower Piven, A Professional Corporation ("Brower Piven"), and Izard Nobel LLP ("Izard Nobel") as Co-Lead Counsel for Lead Plaintiff and the Class.

As described in the Consolidated Schedule of Transactions and Losses for the American Capital Investor Group attached to the Declaration of Charles J. Piven In Support Of The Motion Of The American Capital Investor Group To Consolidate Related Actions; To Be Appointed Lead Plaintiff; And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("Piven Decl.") at Exhibit B, the American Capital Investor Group has suffered a loss of approximately $786,628.94 as a result of its purchases of

---

[1] The American Capital Investor Group is compromised of Charles E. Mendinhall, Ron Miller, and Joseph J. Saville.

[2] The related securities fraud class actions in this Court included the following three cases: *Katir v. American Capital, Ltd., et al.*, 8:08-cv-03372-RWT (D. Md.; filed on Dec. 15, 2008) ("*Katir*"); *Klugmann v. American Capital Ltd., et al.*, 8:09-cv-00005-PJM (D. Md.; filed on Jan. 2, 2009) ("*Klugmann*"); and *Lehmann v. American Capital Ltd., et al.*, 8:09-cv-00276-AW (D. Md.; filed on Feb. 6, 2009) ("*Lehmann*") (collectively, the "Action(s)"). However, on February 12, 2009, plaintiff in the *Katir* Action filed a Notice of Voluntary Dismissal. *See* Dkt. No. 8 (on the *Katir* Docket). Therefore, the American Capital Investor Group is not asking the Court to be consolidated with the *Katir* Action. The American Capital Investor Group adopts the Class Period as was set forth in all three Actions.

shares of American Capital securities during the Class Period. To the best of its knowledge, the American Capital Investor Group has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to demonstrating the largest financial interest in the outcome of this litigation, the American Capital Investor Group's members' Plaintiff's Certifications and/or Declarations evidence their intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[3] As indicated by the individual Declarations of the members of the American Capital Investor Group, the Group members have conferred with each other to satisfy themselves that they will be able to work together as a group, and have agreed to coordinate their efforts throughout the course of this litigation, in overseeing the prosecution of these Actions and are aware of their responsibilities in serving as Lead Plaintiff and fully understand their duties to the Class. *See* Piven Decl., Exhibit C. Each member of the American Capital Investor Group has sworn that each is aware that their Plaintiff's Certification submitted with this Motion is not a claim form and that their ability to share in any recovery as a member of the class is unaffected by their decision to serve as a representative party. *See* Piven Decl., Exhibit A (Mendinhall Plaintiff's Certification at ¶6); Exhibit C (Saville Declaration at ¶3; Miller Declaration at ¶3). Moreover, the members of the American Capital Investor Group satisfy both the applicable requirements of the PSLRA and Fed. R. Civ. P. 23, and the Group is presumptively the "most adequate plaintiff."

---

[3] The PSLRA authorizes any member ***or group of members*** of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added). Copies of the American Capital Investor Group's members' Plaintiff's Certifications listing their transactions in American Capital securities during the Class Period are attached as Exhibit A to the Piven Declaration. Copies of the American Capital Investor Group's members' individual Declarations are attached as Exhibit C to the Piven Declaration.

## PROCEDURAL BACKGROUND

Three related cases alleging substantially identical claims for nearly identical classes of purchasers of American Capital securities were pending in this Court. The first of these Actions, the *Katir* Action, was filed on December 15, 2008.[4] Thereafter, two additional Actions, *Klugmann* and *Lehmann*, were filed in this Court alleging the same or similar claims.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on December 15, 2008, the first notice that a class action had been initiated against Defendants was published on *PRNewswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (February 13, 2009). *See* Piven Decl., Exhibit D.

The members of the American Capital Investor Group are members of the Class (*see* Piven Decl., Exhibit A) and they have timely moved within the 60 day period following publication of the December 15, 2008 notice as required for appointment as Lead Plaintiff under the PSLRA.

## STATEMENT OF FACTS[5]

American Capital is an alternative asset management company. The Company provides capital to middle market companies with sales between $10 million and $750 million. It primarily invests in senior debt, mezzanine debt and equity in the buyouts of private companies sponsored by the Company, participates in the buyouts of private companies sponsored by other private equity firms, and provides capital directly to early stage and mature private and small public companies. The Company also invests in commercial mortgage-backed securities ("CMBS"), commercial collateralized loan obligation

---

[4] Plaintiff in the *Katir* Action filed a Notice of Voluntary Dismissal. *See supra* note 2. Therefore, only two Actions are currently pending in this Court.

[5] This Statement of Facts is taken from the allegations stated in all three complaints.

3

("CCLO") securities and collateralized debt obligation ("CDO") securities, and alternative asset funds managed by itself.

During the Class Period, the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that the Company had far greater exposure to disruptions in the credit markets than disclosed; (2) that the Company planned to retain capital gains from its investments rather than distributing them to shareholders; (3) that as a result, the Company would have to drastically alter its dividend policy; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's statements about its financial well-being, future business prospects and dividend payments were lacking in any reasonable basis when made.

Throughout the Class Period and most of the Company's history, investors were lured to invest in American Capital's stock due to its large and dependable dividend payments. During the Class Period, investors were repeatedly assured that such dividend payments would continue, and that the Company was in sound financial condition. However, on November 10, 2008, the Company surprised investors when it reported a quarterly loss, suspended dividends, and stated that it would retain capital gains from investments as opposed to distributing them to shareholders as previously stated.

Upon the release of this news, the Company's shares fell $5.90 per share, or 42.85 percent, to close on November 10, 2008 at $7.87 per share, on unusually heavy trading volume. As the market continued to absorb the announcement, American Capital's shares continued to fall and finally closed on November 12, 2008 at $6.03 per share. The Company's shares currently trade below $3.00 per share.

**ARGUMENT**

I.   **THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* FED. R. CIV. P. 42(a))[6] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act and Section 27(a)(3)(B)(iii) of the Securities Act address the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The related Actions are suited for consolidation. The class action complaints are all brought by purchasers of American Capital securities against the same Defendants. The complaints allege identical class periods and contain similar allegations charging Defendants with making false and misleading statements, and omitting material information concerning the Company's business, internal controls and financial results during the relevant period.[7] While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and/or reports. *See Zaltzman v. Manugistics Group, Inc.*, No. S-98-1881, 1998 U.S. Dist.

---

[6] *See* Fed. R. Civ. P. 42(a): "Consolidation. If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

[7] This information is based on the review of the complaints in the above-identified Actions available on PACER at the time of the filing of this Motion.

5

LEXIS 22867, at *5 (D. Md. Oct. 8, 1998); *In re Royal Ahold N.V. Sec. & Erisa Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003). Differences between particular defendants, damages, and/or class periods do *not* defeat the appropriateness of consolidation for federal securities cases based upon the same underlying facts. *See In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000). Therefore, this Court should consolidate the related Actions.

## II. THE AMERICAN CAPITAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Katir* Action published a notice on *PRNewswire* on December 15, 2008. *See* Piven Decl., Exhibit D.[8] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be February 13, 2009. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).

---

[8] *PRNewswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B. The American Capital Investor Group Is "The Most Adequate Plaintiff"

#### 1. The American Capital Investor Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The American Capital Investor Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *PRNewswire*, a national business-oriented wire service, on December 15, 2008. Accordingly, the American Capital Investor Group meets the requirements of 15 U.S.C. § 78u-4(a)(3)(A) and (B) and has filed its motion by February 13, 2009.

Moreover, the American Capital Investor Group has sustained a loss of approximately $786,628.94 from its investment in American Capital securities. Further, the members of the American Capital Investor Group have shown their willingness to represent the Class by signing sworn

7

Certifications detailing their investments in American Capital securities during the Class Period and confirming their willingness to discharge the obligations of class representatives in these Actions. *See* Piven Decl., Exhibits A and C. Additionally, the members of the American Capital Investor Group have signed individual declarations (*see* Piven Decl., Exhibit C) demonstrating that they intend to consult with counsel and each other on a regular basis and direct their counsel and the course of the litigation.

Small cohesive groups like the American Capital Investor Group have routinely been appointed as Lead Plaintiff in securities class actions when they have shown the Court their ability to effectively manage the litigation. *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *see also Schulman v. Lumenis, Ltd.*, 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *21-22 (S.D.N.Y. June 18, 2003); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44-46 (S.D.N.Y. 1998) (allowing three lead plaintiffs and holding that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff"). As one court has succinctly explained regarding an appropriate "group" under the PSLRA:

> This Court does not find it appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff. There is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff. Following the PSLRA, this Court focuses not on the composition of the [] group, but rather on whether the group is adequate to serve as lead plaintiff.

*Newman v. Eagle Building Tech.*, 209 F.R.D. 499, 503 (S.D. Fla. 2002). Thus, to determine whether a putative "group" meets the definition of a "group" under the PSLRA, the court's "singular focus will be whether the asserted group has demonstrated the ability to effectively manage the litigation in the interests of the class and direct the litigation without undue influence of counsel." *In re Versata, Inc.*

*Sec. Litig.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *21-22 (N.D. Cal. Aug. 20, 2001). Therefore, the American Capital Investor Group should be appointed Lead Plaintiff in these Actions.

In addition, the American Capital Investor Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resumes of proposed Co-Lead Counsel, Brower Piven and Izard Nobel are attached as Exhibits E and F, respectively, to the Piven Declaration.

### 2. The American Capital Investor Group Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant who has the largest financial interest in the relief sought by the action. As demonstrated herein, the American Capital Investor Group, with losses of approximately $786,628.94, has the largest known financial interest in the relief sought by the Class. *See* Piven Decl., Exhibit B.

### 3. The American Capital Investor Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to

9

serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *Royal Ahold,* 219 F.R.D. at 350; *In re Milestone Sci. Sec. Litig.,* 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, the American Capital Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The American Capital Investor Group has claims that are typical of those of other Class members and can adequately serve as Lead Plaintiff.

### i. The American Capital Investor Group's Claims Are Typical of the Claims of All the Class Members

The American Capital Investor Group has claims that are typical of those of other Class members. Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members or when the claims are based on the same legal theory. *See Royal Ahold,* 219 F.R.D. 343 at 350. The requirement that a proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the claims of the members of the American Capital Investor Group are identical to, and non-competing and non-conflicting with the claims of the other Class members. The American Capital Investor Group and all of the Class members purchased

American Capital securities and suffered damages as a result of these purchases due to Defendants' misrepresentations and omissions. Therefore, the American Capital Investor Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The American Capital Investor Group is not subject to any unique or special defenses. Thus, the American Capital Investor Group meets the typicality requirement of Fed. R. Civ. P. 23 because its claims are the same as the claims of the other Class members.

        **ii.    The American Capital Investor Group Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

The American Capital Investor Group's interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between the members of the American Capital Investor Group and the other Class members, but the members of the American Capital Investor Group have a significant, compelling interest in prosecuting the Actions to a successful conclusion based upon the very large financial losses each of its members has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with the American Capital Investor Group's identical interest with the members of the Class, demonstrates that the American Capital Investor Group will vigorously pursue the interests of the Class. In addition, the American Capital Investor Group has selected law firms to represent it and the Class that are highly experienced in prosecuting securities class actions.

In sum, because of American Capital Investor Group's common interests with the Class members, its clear motivation and ability to vigorously pursue these Actions, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. 23(a)(3) and (4) are met.  Therefore, because the American Capital Investor Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a) and has sustained the largest amount of losses from Defendants' alleged wrongdoing, the American Capital Investor Group is the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and it should be appointed as such to lead these Actions.

### III.  THE COURT SHOULD APPROVE THE AMERICAN CAPITAL INVESTOR GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Each member of the American Capital Investor Group has selected Brower Piven and Izard Nobel as their counsel to serve as Co-Lead Counsel for the Class.  *See* Piven Decl., Exhibit C (Declaration of Mendinhall at ¶¶ 4, 10; Declaration of Miller at ¶¶ 4, 10; Declaration of Saville at ¶¶ 4, 10). Brower Piven and Izard Nobel have not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel.  *See* Piven Decl., Exhibits E and F.  This Court may be assured that in the event the American Capital Investor Group's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the American Capital Investor Group respectfully requests that this Court enter an order: (1) consolidating all related actions; (2) appointing the American Capital Investor Group to serve as Lead Plaintiff in these Actions; (3) approving the American Capital Investor Group's selection of Co-Lead Counsel for Lead Plaintiff and the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: February 13, 2009                             Respectfully submitted,


                                                   **BROWER PIVEN**
                                                    A Professional Corporation


                                                    */s/ Charles J. Piven*
                                                    Charles J. Piven (Md. Fed. Bar No. 00967)
                                                    Email: piven@browerpiven.com
                                                    Yelena Trepetin (Md. Fed. Bar No. 28706)
                                                    Email: trepetin@browerpiven.com
                                                    World Trade Center-Baltimore
                                                    401 East Pratt Street, Suite 2525
                                                    Baltimore, Maryland 21202
                                                    Telephone: (410) 332-0030
                                                    Facsimile:  (410) 685-1300

                                                   **BROWER PIVEN**
                                                    A Professional Corporation
                                                    David A.P. Brower
                                                    Email: brower@browerpiven.com
                                                    488 Madison Avenue
                                                    Eighth Floor
                                                    New York, New York 10022
                                                    Telephone: (212) 501-9000
                                                    Facsimile:  (212) 501-0300

**IZARD NOBEL LLP**
Nancy A. Kulesa
Email: nkulesa@izardnobel.com
Jeffrey S. Nobel
Email: jnobel@izardnobel.com
20 Church Street
Suite 1700
Hartford, Connecticut 06103
Telephone: (860) 493-6292
Facsimile:  (860) 493-6290

*Counsel for the American Capital Investor*
*Group and Proposed Co-Lead Counsel for the Class*