# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WARD KLUGMANN, et al.** | * |
| **Plaintiffs** | * |
| v. | *   Civil No. PJM 09-5 |
| **AMERICAN CAPITAL LTD., et al.** | * |
| **Defendants** | * |

## MEMORANDUM OPINION

This is a putative securities class action brought by plaintiff security holders against American Capital Ltd. (ACL) and certain of its officers and directors under the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4.

Four Parties Plaintiff – American Capital Shareholders Group (ACSG), Margaret and Leonard Barbee, and Movant American Capital Investor Group (ACIG) – have moved to be appointed lead plaintiff and to have their counsel appointed lead counsel. *See* Paper Nos. 15, 16 and 18.[1]  Defendants take no position on any of the motions.

Having considered the parties' arguments, the Court **GRANTS** ACIG's Motion [Paper No. 18] and **DENIES** the Motions filed by ACSG [Paper No. 15] and the Barbees [Paper No. 16].

**I.**

Defendant ACL is a publicly traded alternative asset management company that invests in management, employee and private equity buyouts.

---

[1] Each of these parties also moved to consolidate this action with Civil No. RWT 08-3372 and Civil No. AW 09-276. Because both Civil No. RWT 08-3372 and Civil No. AW 09-276 have since been voluntarily dismissed, those motions to consolidate are deemed **MOOT**.

1

Between October 30, 2007 and November 7, 2008, Plaintiffs and the proposed class members invested in ACL common stock. Plaintiffs allege that, during this time period, ACL assured investors that regular dividend payments would continue and that the company was in good financial condition.

However, on November 10, 2008, ACL reported a quarterly loss and suspended dividends. ACL also announced that it would retain capital gains from investments as opposed to distributing them to shareholders.

As a result, ACL shares fell $5.90 per share (42.85 %), closing on November 10, 2008 at $7.87 per share. The price of the shares continued to fall through November 12, 2008, closing at $6.03 per share. ACL shares currently trade below $3.00 per share.

The Complaint alleges that Defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act by failing to disclose:

> (1) that the Company had far greater exposure to disruptions in the credit markets than disclosed; (2) that the Company planned to retain capital gains from its investments rather than distributing them to shareholders; (3) that as a result, the Company would have to drastically alter its dividend policy; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's statements about its financial well-being, future business prospects and dividend payments were lacking in any reasonable basis when made.

Compl. ¶ 6.

Pursuant to the PSLRA, the Parties Plaintiff have filed motions to be appointed lead plaintiff and have their choice for counsel appointed lead counsel:

- American Capital Shareholders Group (ACSG), a group of four individual investors, Norman Kaufman, Sue Kaufman, Lonnie Sellers and David Ivester, who collectively lost $331,214.66.

2

- Margaret and Leonard Barbee, husband and wife who invested in ACL stock together and lost approximately $107,676.11.
- American Capital Investor Group (ACIG), which is comprised of three individual investors, Charles E. Mendinhall, Ron Miller and Joseph J. Saville, who lost a total of approximately $786,628.94.

Each movant argues that they are the most adequate plaintiff to represent the interests of the class because they have the largest financial interest at stake and otherwise satisfy Fed. R. Civ. P. 23.

## II.

The PSLRA establishes a procedure governing the appointment of lead plaintiffs and lead counsel in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

As for appointing a lead plaintiff, within 20 days of filing the complaint, the named plaintiff must publish a notice to the purported class, informing class members that they may move to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Class members have 60 days to make these motions. *Id.* Any member of the class may move to be appointed lead plaintiff, whether or not they are individually named as a plaintiff in the complaint. 15 U.S.C. § 78u-4(a)(3)(B)(i).

Once motions for appointment have been submitted, the PSLRA requires that the court "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* Motions for the appointment of lead plaintiff and lead counsel are considered prior to and

3

separately from motions for class certification.  *See In re Microstrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d. 427, 435 (E.D. Va. 2000).

In determining the most adequate plaintiff, the PSLRA provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

This presumption is rebuttable, but only upon proof that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id.*

With respect to the appointment of lead counsel, the PSLRA provides only that: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v); *see also* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges*, at 8 (2d ed. 2009) (under PSLRA, the "empowered" lead plaintiff "has the right to select and retain class counsel, subject to [the Court's] approval").  In the exercise of its discretion, "[t]he court has an obligation to assure that Lead Plaintiff's choice of representation best suits the needs of the class." *Johnson v. Pozen, Inc.*, No. 1:07CV599, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008) (citation omitted).  "Approval of lead counsel necessarily requires, *inter alia*, an

independent evaluation of the effectiveness of proposed class counsel to ensure the protection of the class." Alba Conte & Herbert Newberg, Newberg on Class Actions § 22:7 (4th ed. 2002).

## III.

Movants here concede that each satisfies the first and third requirements for the PSLRA presumption of most adequate plaintiff. They dispute which of them "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

ACIG seeks to aggregate the financial interests of its individual members, thereby giving it the largest total loss. Aggregation, it says, is anticipated by the statute itself. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (permitting a "person or group of persons" to be appointed lead plaintiff); *see also Johnson*, 2008 WL 474334, at *2 (appointing group as lead plaintiff to "ensure that a broader range of shareholder interests will be represented"); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *5 (S.D. Cal. Jan. 5, 2004) (appointing group lead plaintiff and holding that shareholder with largest loss was free to associate itself with the movant having the next largest losses); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing group of seven shareholders lead plaintiff because aggregation did "not present a group so cumbersome as to deliver the control of the litigation into the hands of the lawyers"). Collectively, ACIG's members Charles Mendinhall, Ron Miller, and Joseph Saville have sustained a loss of approximately $786,628 ($371,148, $260,688, and $154,782 respectively). Because this number is larger than that of the other movants, ACIG argues that it is entitled to a presumption as most adequate plaintiff.

Initially ACGS also sought to aggregate its members' losses, which amounted to $331,214.66. It now concedes that, if aggregation is appropriate, ACIG has the largest losses

5

and is the presumptive lead plaintiff. However, if the Court declines to aggregate, ACGS argues that its individual member, David Ivester, should be appointed lead plaintiff because he moved for appointment[2] and has the largest individual losses ($181,424.66).

The Barbees concede that, if aggregation is permitted, ACIG has the largest losses. Their position, however, is that aggregation is inappropriate under the circumstances. They point to *In re E.Spire Commun's., Inc. Sec. Litig.*, 231 F.R.D. 207 (D. Md. 2000), in which the court declined to aggregate losses, stating:

> [B]y allowing any group of plaintiffs to aggregate their losses to satisfy the 'largest financial interest' prong of the presumption, a court runs the risk that attorneys will seek to put together a group of unrelated plaintiffs for the sole purpose of having that group qualify as the group with the 'largest financial interest,' in turn leading to such attorneys' appointment as lead counsel. Recognizing this risk and its inconsistency with the PSLRA, courts have held that both the context and the structure of the PSLRA demonstrate that a 'group of persons,' within the meaning of the statute, should consist of more than a mere assemblage of unrelated persons who share nothing other than the fact that they suffered losses and entered into retainer agreements with the same attorneys.

*Id.* at 212-213. The Barbees argue that ACIG's members have no prior relationship with each other and should therefore not be permitted to aggregate their losses. *See, e.g., In Re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d at 437 (declining to appoint group of investors where "there was nothing in the record to provide any assurance that the group was cohesive" and the group "failed to present evidence with respect to its formation, its operational structure, or whether the members of the group had ever communicated with one another about their roles"). Should the Court reject aggregation, the Barbees say, they are appropriate lead plaintiffs, with losses that total $107,676.11.

---

[2] In its opening motion, ACGS moved in the alternative for Ivester to be appointed lead plaintiff. None of the other individual members of ACIG has moved to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i) (class members must move to be appointed lead plaintiff within 60

**IV.**

Having considered the parties' arguments, the Court finds that ACIG is the appropriate lead plaintiff.

**A.**

The parties agree that ACIG satisfied the first PSLRA requirement by filing the instant motion for appointment as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.**

Everyone also agrees that, if aggregation is appropriate, ACIG "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  The question, therefore, is whether aggregation is appropriate under the circumstances.  The Court finds that it is.

The PSLRA itself permits appointment of groups of plaintiffs.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (a "person or group of persons" may be appointed lead plaintiff); *see also* Alba Conte & Herbert Newberg, Newberg on Class Actions § 22:2 (4th ed. 2002) ("The text of the PSLRA does not limit the composition of a 'group of persons' to those only with a pre-litigation relationship, nor does the legislative history provide a sound enough foundation to support such a gloss.").  As the cases cited by ACIG indicate, courts have routinely approved of group appointments, especially where the groups are small and include individuals who independently possess largest financial interests in the outcome of the litigation.  *See Johnson*, 2008 WL 474334, at *2; *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *5; *Weltz*, 199 F.R.D. at 133.

That said, the Court accepts that where class members gather together solely for the purpose of aggregating the largest losses, a group appointment is inappropriate.  *See In re E.Spire*

---

days).

*Commun's., Inc. Sec. Litig.*, 231 F.R.D. at 212-13 (though Congress did not intend to prohibit aggregation of losses, a group seeking to be appointed lead plaintiff "should consist of more than a mere assemblage of unrelated persons who share nothing other than the fact that they suffered losses and entered into retainer agreements with the same attorneys"); *see also* Alba Conte & Herbert Newberg, Newberg on Class Actions § 22:5 (4th ed. 2002) ("Most courts have shown a reluctance towards appointing as lead plaintiff a large group of investors who are otherwise unrelated, based on the fact that the Reform Act's stated purpose is to shift control of the litigation from the lawyers to the investors and that allowing aggregation solely for the purpose of creating a group with the largest financial interest would contravene this purpose.").

But that is not the situation before the Court. Each of the three individual members of ACIG have larger losses than the Barbees (who lost $107,676) and two of the three have larger losses than ACGS member David Ivester (who lost $181,424).[3] Accordingly, it is clear that they did not band together to defeat the "largest financial interest" standard of the PSLRA. *See In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *5 (appointing group lead plaintiff where two of its members had the largest and second largest individual financial interests).

Moreover, each member of ACIG has submitted a detailed declaration attesting that he believes that the ACIG members can act as a cohesive group. The declarations explain the members' prior communications and lay out the methods by which they intend to communicate with each other regarding the litigation. Further, the declarations state that ACIG member Charles Mendinhall will act as the spokesperson of ACIG and liaison with counsel.

---

[3] The three members of ACIG, Charles Mendinhall, Ron Miller, and Joseph Saville, suffered losses of $371,148, $260,688, and $154,782, respectively.

Given these circumstances, the Court finds aggregation appropriate and that ACIG has the largest financial interest.

## C.

Finally, ACIG "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Though the parties do not appear to contest this point, the Court will address it briefly.

## 1.

Rule 23(a) sets forth four requirements for a class:

> (1) the class is so numerous that joinder of all class members is impracticable, (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Because only the typicality requirement (3) and the adequacy requirement (4) address the characteristics of the class, courts limit PSLRA inquiries to those prongs. *See Johnson*, 2008 WL 474334, at *2. The typicality requirement is satisfied when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory. *Id.*; *see also Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428-29 (4th Cir. 2003). The adequacy requirement is met if "the purported class representative and its attorney are capable of pursuing the litigation and . . . neither has a conflict of interest with other class members." *Johnson*, 2008 WL 474334, at *2 (citing *Sosna v. Iowa*, 419 U.S. 393, 403 (1975)).

## 2.

ACIG satisfies both typicality and adequacy. First, the claims of the ACIG members are

identical to those of other class members. ACIG and the rest of the class purchased ACL securities and suffered damages as a result of Defendants' alleged misrepresentations and omissions.

Second, the Court finds that ACIG will adequately represent the class. There is no evidence of any antagonism or conflict between ACIG and other class members. Because of the large financial losses suffered by its own members, ACIG has a significant interest in successfully prosecuting this action.

**D.**

Accordingly, ACIG is the presumptive lead plaintiff. Since that presumption has not been rebutted, as there is no evidence that ACIG will not fairly and adequately protect the interests of the class or that ACIG is subject to unique defenses, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii), ACIG is appointed lead plaintiff.

**V.**

As lead plaintiff, ACIG may choose lead counsel "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). ACIG has selected the law firms of Brower Piven and Izard Nobel LLP. The Court notes that none of the movants has raised concerns regarding the capability of proposed counsel. Further, the exhibits submitted on behalf of each firm illustrate that both have the requisite experience in prosecuting complex securities fraud actions. The Court thus finds that the appointment of both firms "may better protect the interests of the plaintiff class." *See* Alba Conte & Herbert Newberg, Newberg on Class Actions § 22:7 (4th ed. 2002). Accordingly, the Court approves ACIG's choice of lead counsel.

**VI.**

For the foregoing reasons, ACSG, the Barbees, and ACIG's Motions to Consolidate [Paper Nos. 15, 16 and 18, respectively] are deemed **MOOT**. ACSG's Motion to Appoint Lead Plaintiff and Lead Plaintiff's Counsel [Paper No. 15] and the Barbees' Motion to Appoint Lead Plaintiff and Lead Plaintiff's Counsel [Paper No. 16] are **DENIED**. ACIG's Motion to Appoint Lead Plaintiff and Lead Plaintiff's Counsel [Paper No. 18] is **GRANTED**.

A separate order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**August 12, 2009**          **UNITED STATES DISTRICT JUDGE**